# CHARLESTON.

Hissam v. Moorehead *et al.*

Submitted September 12, 1916.    Decided September 19, 1916.

APPEAL AND ERROR—*Review—Decisions Appealable.*

An order refusing to entertain and decide a motion to dissolve an injunction, on the sole ground that the movant is under the ban of contempt, and has not purged himself thereof, is not an order refusing to dissolve an injunction, within the meaning of Sec. 1, Ch. 135, Code, and is, therefore, not appealable.

Appeal from Circuit Court, Tyler County.

Suit by Sam Hissam against J. W. Moorehead and others. From an order denying his motion to modify a mandatory injunction, plaintiff appeals.

*Appeal dismissed.*

*Boreman & Curler, George L. Rose,* and *O. W. O. Hardman,* for appellant.

*Underwood & Moore,* for appellees.

WILLIAMS, PRESIDENT:

Plaintiff has appealed from an order of the circuit court of Tyler county, made on the 26th of July, 1915, refusing to entertain his motion to modify a mandatory injunction previously awarded against him on the application of defendants, commanding him to remove a certain fence, erected across a certain right of way over his land, described in the bill and answer in the cause, and enjoining him from "in any way interfering with the use by defendants of said roadway," until the further order of the court. After the injunction had been issued and served upon Hissam he fenced in a small field and erected draw-bars across the disputed right of way at two places. Thereupon a rule was issued against him, on petition of defendants, to appear before the court in term on the 15th of June, 1915, and show cause why he should not be adjudged to answer for contempt of the court's order. In obedience to the rule he appeared on the day named and was permitted to file his answer. At a subsequent day of the term the con-

tempt proceedings were continued, on his motion, until the next term of court; and, so far as the record discloses, are still pending. At a special term, held on the 26th of July, 1915, he appeared after due notice previously given to defendants, and moved the court to modify the injunction, so as to permit him "to erect, construct and maintain gates or bars across the way in dispute in this cause, at such points and in such numbers as may be reasonably necessary to keep stock owned by said Sam Hissam, plaintiff, from wandering off his said premises, and from destroying crops growing upon other parts of his said premises, that he might have complete enjoyment of his own farm lands." Defendants appeared and resisted the motion, and the court refused to entertain it, on the ground that plaintiff had not purged himself of the charge of contempt; and from that order this appeal was allowed. The material part of the order is as follows: "After hearing the argument of counsel, the court is of opinion that Sam Hissam, Plaintiff as aforesaid, is not in position to make said motion for a modification of said injunction order, and doth refuse to hear said motion, and doth refuse to file said affidavit tendered in support of said motion."

The appealability of the order is attacked in brief of opposing counsel, on the ground that the court did not decide the motion and did not refuse to modify the injunction, but simply refused to hear appellant until he had purged himself of the contempt. Sec. 1, Ch. 135, Code, gives right of appeal "in any case in chancery wherein there is a decree or order dissolving or refusing to dissolve an injunction." Assuming, *arguendo,* that the motion to modify the injunction was, in effect, a motion to dissolve it pro tanto, the refusal of the court to modify it would be appealable. But the court has not in fact denied the relief sought by the motion; it has simply refused to consider and decide the motion, for reasons which have no relation whatever to its merits. The merits of the motion have never been considered or decided by the lower court, and hence there is nothing this court can review on appeal. Appellant has mistaken his remedy. The order declining to hear appellant's motion is not appealable, and his appeal will be dismissed as improvidently awarded.

It is the well settled law of this state that a court has discretion to refuse to hear the complaint of a litigant who is under the ban of contempt, until he has purged himself thereof. But this question does not arise here, and it is unnecessary to say whether the court acted properly or improperly in this instance.

*Appeal dismissed.*